IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



KITRINA M. WADE, §
 §
 Plaintiff, §
 §
VS. § NO. 4:11-CV-140-A
 §
THE FORT WORTH BOAT CLUB, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

This action is before the court by reason of a notice of removal filed March 2, 2011, by defendant, The Fort Worth Boat Club. The notice of removal asserts that the court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims asserted by plaintiff arise under federal law, specifically, Title VII. After having studied the removal documents, which include a copy of plaintiff's state court complaint,[1] the court has concluded that the action does not arise under federal law and should be remanded to the state court from which it was removed.

---

[1] The court is aware that plaintiff's initial pleading is called a "petition" in Texas state court practice; however, the court will refer to it as a "complaint" in this memorandum opinion and order.

A.  General Principles Governing Removal

Section 1441(a) of Title 28, United States Code, provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law for purposes of § 1331 only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983)). "[G]enerally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Id.

B.  There Is No Federal Question on the Face of Plaintiff's Well-Pleaded Complaint

Plaintiff's complaint asserts causes of action against defendant for intentional infliction of emotional distress and negligence. Those causes of action are state-law causes of action. Nowhere does the complaint indicate that plaintiff is

2

asserting a cause of action arising under Title VII or any other federal law.

Nevertheless, defendant contends that the action arises under Title VII because the factual allegations underlying plaintiff's pleaded claims involve sexual harassment and retaliation, which are prohibited by Title VII. As further support for its position, defendant notes that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and obtained a notice of right to sue from that agency, both prerequisites to filing suit under Title VII. According to defendant, any omission from the complaint of a Title VII cause of action is merely artful pleading designed to avoid federal jurisdiction.

Defendant's position that this action arises under Title VII is incorrect. Plaintiff's allegations of sexual harassment and retaliation support both federal- and state-law causes of action. Because plaintiff is the master of her complaint, she may choose to pursue only state-law causes of action, even though federal remedies are also available. See, e.g., Bernhard, 523 F.3d at 551 (stating that a plaintiff "may generally allege only a state law cause of action even where a federal remedy is also available"); Carpenter v. Wichita Falls Indep. Sch. Dist., 44

3

F.3d 362, 366 (5th Cir. 1995) (stating that "[a] plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove . . . ."). This appears to be what plaintiff has chosen to do in this case. Federal jurisdiction cannot exist based on a claim that plaintiff could have, but chose not to assert.

The court notes that if plaintiff amends her complaint to assert a cause of action under Title VII, defendant could presumably remove the action once again.

C. Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED April 7, 2011.

_____
JOHN McBRYDE
United States District Judge